IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| TIMOTHY RAINEY | § | |
| v. | § | CIVIL ACTION NO. 6:12cv324 |
| | | (Consolidated with 6:12cv325 and 6:12cv326) |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner Timothy Rainey, proceeding *pro se*, filed these applications for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his convictions. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. Rainey originally filed three petitions, but these have been consolidated in the present case inasmuch as they challenged multiple convictions from the 114th Judicial District Court of Smith County, Texas.

Rainey states that he is serving two 30-year sentences for two convictions from the 114th District Court, for the offenses of possession of a controlled substance, case no. 114-0783-09, and manufacture or delivery of a controlled substance (case no. 114-0783-09. Of his three federal petitions, case no. 6:12cv324 complains of ineffective assistance of counsel, an involuntary guilty plea, an invalid search warrant, and a false affidavit being executed in support of the search warrant. Case no. 6:12cv325 adds a claim of "false sequence of habitual status" and repeats the claims in case no. 6:12cv324, and case no. 6:12cv326 repeats the claims presented in case no. 6:12cv325.

Rainey pleaded guilty to and was convicted of these offenses on August 6, 2009, with the judgment being entered on August 10, 2009. He did not take a direct appeal, but filed two state

habeas corpus petitions on August 9, 2010. These were denied without written order on February 23, 2011. Rainey's federal habeas petitions were file-stamped on May 15, 2012. The Respondent was ordered to answer Rainey's petition and filed a motion to dismiss based on the expiration of the statute of limitations. Rainey filed a response to this motion as well as a motion to grant habeas corpus relief which also discussed the limitations issue.

After review of the pleadings, the Magistrate Judge issued a Report on October 12, 2012. The Magistrate Judge calculated Rainey's conviction date as August 10, 2009, the date that the judgment of conviction was filed, and so this conviction became final on September 9, 2009, at the expiration of the time in which to appeal. Rainey filed a state habeas corpus petition on August 9, 2010, which tolled the limitations period with 31 days remaining. The state petition was denied on February 23, 2011, making March 25, 2011, the final day of Rainey's limitations period. However, Rainey's federal habeas petition was not filed until May 15, 2012, over a year later, well after the limitations period had expired.

The Magistrate Judge also determined that Rainey was not entitled to equitable tolling. Rainey argued that in filing his petition, he relied on "then-existing precedent" from the Ninth Circuit, in the form of Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied*, 529 U.S. 1104 (2000), *overruled in part in* Harris v. Carter, 515 F.3d 1051, 1053 (9th Cir. 2008). The rule in Nino held that the statute of limitations was tolled from the time that the first state habeas petition was filed until the California Supreme Court rejected the final collateral challenge; as the Magistrate Judge noted, however, this rule did not provide any relief to Rainey, even were it applicable in the Fifth Circuit, because Rainey's limitations period was in fact tolled from the time that he filed his first state habeas petition until the time that the Texas Court of Criminal Appeals denied his petitions.

Although Rainey also contended that he had been denied access to legal materials, the Magistrate Judge stated that this was not compatible with his claim that he was relying on Ninth Circuit precedent, about which he could not have known without access to legal materials. In

addition, Rainey did not show any specific harm arising from the alleged lack of legal materials, nor did he offer any specific facts about what legal materials were in fact available at the facility or facilities where he was confined.

      Rainey next argued that the limitations period should be tolled because of the delay in receiving notice of the denial of his state petitions. As the Magistrate Judge observed, however, Rainey says that he received notice of this denial in April of 2011, which is still over a year before he sought federal habeas corpus relief. Even were the limitations period to commence in April of 2011, when he received notice of the denial of his state habeas petitions, this period had still long since expired before Rainey sought federal habeas corpus relief. This is particularly apparent in light of the fact that Rainey waited 11 months before filing his state petition, and then waited another 13 months after receiving notice of the denial of his state petition before seeking federal habeas corpus relief.

      In his next claim, Rainey asserts that his court-appointed habeas attorney, Jim Huggler, "deceived him into believing that he was actively pursuing Mr. Rainey's legal remedies when in fact he was not." In February of 2011, his mother and a friend called Huggler, although Rainey does not make clear what this call concerned. Rainey also says that he wrote to Huggler several times and talked to him at the jail, asking about the status of his state petitions, "and if the petitions would be denied or go to the next step, 2254 federal writ of habeas corpus." Rainey states that Huggler told him that "he didn't see any reason why we couldn't file one."

      The Magistrate Judge determined that according to the state court records, Huggler was appointed to represent Rainey in the state habeas proceedings, which representation ended with the denial of Rainey's state petitions on February 23, 2011. Rainey says that he received notice of these denials in April of 2011. The Magistrate Judge stated that Rainey failed to show anything that Huggler did which prevented Rainey from seeking federal habeas corpus relief after he received notice that his state petitions had been denied.

Finally, Rainey contended that he did not discover the factual predicate for one of his claims until April of 2011. At this time, he says, he learned that the State had concealed a plea agreement with a witness who was supposed to be subpoenaed. According to Rainey, the District Attorney conveyed a plea agreement for Rainey to a witness, rather than to Rainey's attorney; he says that "an unkept plea bargain is a valid basis for the grant of the writ of habeas corpus where the petitioner claims district attorney conveyed a twenty year sentence to witness Andrea Pickens to tell petitioner Rainey." He argues that the time has not yet expired for the State to live up to its plea bargain, which can be done by commuting his sentence so that he "receives what was relayed."

The Magistrate Judge determined that even if a plea agreement conveyed in such an unorthodox manner could be enforceable, Rainey offered no facts to support his contention that such an arrangement had actually been made. Moreover, even were this correct, Rainey says that he learned about the facts forming the basis of this claim in April of 2011, meaning that the limitations period still expired by the time that Rainey filed his federal petition in May of 2012.[1] The Magistrate Judge thus determined that Rainey's petition was barred by the statute of limitations and that Rainey was not entitled to a certificate of appealability.

Later in his objections, Rainey says that he told his trial attorney, Darryl Bennett, of the plea bargain conveyed through the witness, but Bennett refused to talk to the District Attorney about it. He explains that this witness "knew of the murder victim's accuser" [sic] and this is how the conveyance came about. This explanation indicates that Rainey knew of the alleged plea offer at the time of his trial, contrary to his earlier statement that he learned of it in April of 2011. In any event, Rainey's explanation fails to show that the Magistrate Judge erred in determining that this claim is barred by the statute of limitations.

---

[1] This claim also suffers from two other flaws. Rainey says that he learned of it in April of 2011, which is two months after his state petitions were denied; thus, he has never presented this claim to the Texas Court of Criminal Appeals and has not exhausted his state remedies. In addition, Rainey does not indicate that he ever formally accepted this alleged plea offer, meaning that no agreement was ever reached.

After seeking an extension of time, Rainey filed objections to the Magistrate Judge's Report on November 2, 2012. In his objections, Rainey first says that he is entitled to have the limitations period tolled while his state habeas petition was pending. In calculating the limitations period, the Magistrate Judge did toll the time during which Rainey's state petitions were pending. This objection is without merit.

Rainey next complains that he received ineffective assistance from Huggler and that this also provides a basis for tolling the limitations period. He attaches a letter from Huggler dated July 6, 2011, which reads as follows:

> I just reviewed your letter mailed at the end of May. I apologize for taking so long to respond. Until I read your letter, I did not know the Court of Criminal Appeals denied the writs. Sometimes that occurs even when an attorney is appointed to represent a petitioner at the evidentiary hearing. If you choose, you can certainly file a federal writ. However, my involvement in the case is concluded.

Rainey cites cases stating that failure to communicate with the habeas client and failure to return the client's documents can amount to "egregious misconduct" justifying equitable tolling. *See, e.g.*, U.S. v. Martin, 408 F.3d 1089 (8th Cir. 2005) (where attorney repeatedly lied to client and his family and then cut off all contact, equitable tolling of the limitations period was justified). In Brown v. Shannon, 332 F.3d 768 (3rd Cir. 2003), also cited by Rainey, the Third Circuit rejected a contention that "attorney abandonment" was an adequate basis for equitable tolling, citing a number of cases holding that "mere mistake or negligence" on the part of an attorney did not rise to the extraordinary circumstances required for equitable tolling.

The Fifth Circuit has held that equitable tolling may be proper where a client is deceived by his attorney into believing that a timely Section 2255 motion has been filed on his behalf. United States v. Wynn, 292 F.3d 226, 231 (5th Cir. 2002). In Wynn, the petitioner was told by the court that no motion to vacate under Section 2255 had been filed, and when his father was able to contact Wynn's attorney, he was told that the attorney had filed the petition "directly with Judge McBryde and was awaiting a response from the judge," so he had to be patient. This statement proved to be untrue, and the Fifth Circuit held that Wynn was entitled to equitable tolling if he could establish that

his attorney had misled his father by telling him that a petition had been filed on Wynn's behalf, and that Wynn had reasonably relied on this misrepresentation as to the status of the case.

Rainey has not shown anything akin to the circumstances in Wynn. His objections show that he received specific notice in July of 2011 that Huggler was not representing him in any federal habeas corpus proceeding. Even if the limitations period was tolled from the date of the filing of Rainey's state habeas petition until the receipt of this letter from Huggler, this period still expired well before Rainey sought federal habeas corpus relief in May of 2012. As noted above, the filing of Rainey's state petition tolled the limitations period with 31 days left, and so Rainey had 31 days from the date that the period began to run again in which to seek federal habeas corpus relief. Instead, he waited some ten months from the date of the letter from Huggler in which to file his federal petition. Even if Huggler had somehow deceived him earlier, which Rainey has wholly failed to show, it is clear from Rainey's objections that he had full knowledge of the situation no later than July of 2011. Rainey has failed to show any basis for equitable tolling rendering his May 2012 federal habeas petition timely. His objection on this point is without merit.

Next, Rainey says that the "inadequacy" of the law library provides him with a basis for equitable tolling. He says that "here in transit," there are only about 20 law books, which don't apply to the things that are needed, and that he had to obtain materials through inter-library loan.

In Egerton v. Cockrell, 334 F.3d 433, 436-37 (5th Cir. 2003), the Fifth Circuit held that a prison law library which did not contain a copy of the Anti-Terrorism and Effective Death Penalty Act of 1996 amounted to a "state-created impediment" justifying tolling of the limitations period. In Krause v. Thaler, 637 F.3d 558, 561 (5th Cir. 2011), by contrast, the prisoner alleged only that the law library at the transfer facility was inadequate, but did not allege facts as to why this lack of legal materials prevented him from filing a timely habeas application. In addition, the transfer facility attempted to secure books on loan for him, and the prison recommended that he file a petition to transfer to a prison with a full library.

In the present case, Rainey offers no facts showing the facility or facilities in which he was actually incarcerated, nor what materials these facilities possessed, nor why the lack of legal materials prevented him from filing a timely habeas corpus application. He lists three transfer units where he has spent time, these being the San Saba, Hutchins, and Dawson Units, but he does not make clear when he was on these units, nor whether he has been housed in any other facilities. As in Krause, Rainey's bare allegation that a law library or libraries were inadequate, without a showing of specific facts, is insufficient to justify the application of equitable tolling. *See also* Lewis v. Casey, 518 U.S. 343, 351 (1996) (simply showing that a prison law library is inadequate is not sufficient; the inmate must demonstrate that the alleged shortcomings hindered his efforts to pursue a legal claim). Inmates cannot nullify the statute of limitations by the simple expedient of asserting, without specific supporting facts or a showing of harm, that law libraries at prison units were inadequate. This objection is without merit.

Finally, Rainey argues that once he heard back from Huggler in July of 2011, he "worked as diligently as possible" to file his federal habeas petition. A total of ten months elapsed from July of 2011 until May of 2012, when Rainey's federal petition was filed. Rainey has failed to show that he exercised reasonable diligence, as required by the Supreme Court for entitlement to equitable tolling. Holland v. Florida, 130 S.Ct. 2549, 2562 (2010). The bare assertion that an inmate "worked as diligently as possible" does not show entitlement to equitable tolling. This objection is without merit.

In summary, Rainey's conviction became final in September of 2009 and he filed his first state habeas petitions in August of 2010, which was 11 months later. These petitions tolled the limitations period with 31 days remaining. Assuming that the limitations period began to run again in July of 2011, when Rainey received the letter from Huggler, he had 31 days from that date in which to file his federal habeas petition. This petition was actually filed in May of 2012, some ten months later. Rainey has not shown that he pursued his rights diligently or that some extraordinary circumstance stood in his way and prevented timely filing of his federal habeas corpus petition.

Thus, he is not entitled to equitable tolling of the limitations period. Holland, 130 U.S. at 2562; *see also* Coleman v. Johnson, 184 F.3d 398, 403 (5th Cir. 1999) (equitable tolling not intended for those who "sleep on their rights"); Davis v. Johnson, 158 F.3d 806, 811 (equitable tolling is reserved for "rare and exceptional circumstances"). Rainey has not shown that he is entitled to equitable tolling of the statute of limitations and his objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in the cause, including the Petitioner's petition, the Respondent's motion to dismiss, the Petitioner's responses thereto, the Report of the Magistrate Judge, and the Petitioner's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and the Report of the Magistrate Judge (docket no. 4) is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled applications for the writ of habeas corpus be and hereby are DISMISSED with prejudice as barred by the statute of limitations. This dismissal shall apply to all three of the petitions which have been consolidated into this case. It is further

ORDERED that the Petitioner Timothy Rainey is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

**It is SO ORDERED.**

**SIGNED this 14th day of November, 2012.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE